HOUSTON BELT & TERMINAL RY. CO. v. JOHANSEN.†

(Court of Civil Appeals of Texas. El Paso. Feb. 1, 1912. ,Rehearing Denied Feb. 21, 1912.)

1. TRIAL (§§ 260, 240*)—INSTRUCTIONS—ARGUMENTATIVE INSTRUCTIONS — COVERED BY CHARGE.

Special instructions which are argumentative and covered by the charge given are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651, 561; Dec. Dig. §§ 260, 240.*]

2. DAMAGES (§ 59*)—MEASURE—PERSONAL INJURY—LOSS OF TIME.

One who lost time as the result of being practically disabled by an explosion of combustible materials loaded in a box car of the railway company was entitled to recover the value of the time, without any deduction for wages paid him as mere gratuity.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 110; Dec. Dig. § 59.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Frederick Johansen against the

---

Houston Belt & Terminal Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed on condition.

A. L. Jackson and Andrews, Ball & Streetman, for appellant. John Lovejoy and Presley K. Ewing, for appellee.

HIGGINS, J. Appellee, Frederick Johansen, brought this action in the district court of Harris county for damages resulting from personal injuries inflicted upon him by an explosion of combustible materials loaded in a certain box car in the custody and charge of the defendant, Houston Belt & Terminal Railway Company, in the city of Houston. Upon trial before a jury, a verdict was returned for $12,500; the jury in their verdict stating that $2,500 of amount allowed was for lost time.

This is a companion case to that of Houston Belt & Terminal Railway Company v. O'Leary, decided by the Galveston Court of Civil Appeals, and reported in 136 S. W. 601. Appellant in its brief concedes that the instant case is based upon the same state of facts, and substantially the same questions of law are involved as in the O'Leary Case, in which a writ of error was denied by the Supreme Court.

The first, second, third, fourth, and fifth assignments were decided adversely to the contentions of the appellant in the opinion rendered by the Galveston court in the case mentioned, and upon the authority ·of that case these assignments are overruled without discussion.

[1] The sixth and seventh assignments of error complain of the refusal of the court to give special charges requested by appellant. They were argumentative in their nature, and, in substance, were covered by the general charge of the court, and were properly refused.

[2] The eighth and ninth assignments of error will be considered together. Under the eighth assignment, it is contended that under the evidence the verdict of the jury is so excessive as to show that it was influenced by improper motives or reasons, and the same should therefore be set aside by this court as excessive and unjust. By its ninth assignment of error, appellant complains of a portion of the court's charge, which reads as follows: "In respect to the item for 'lost time,' you will allow the plaintiff only the reasonable value of time actually lost to him from such injuries, if any; but in arriving at this you will not make any deduction of any moneys paid the plaintiff by the city, if any, as a mere matter of grace or gratuity." In support of this assignment, it is contended the undisputed evidence shows that from the date of the injury down to the trial the plaintiff had not lost any time on account of his injuries, but had drawn his salary from the city during the entire period, and no issue in that respect should have been submitted as a basis for any recovery. The testimony shows that his wages had been regularly paid by the city ever since he received his injuries; but under the testimony the jury was warranted in finding that he had been practically disabled ever since the date of the injury, and that his wages were being paid by the city as a matter of grace or gratuity, and, under the authority of Railway Co. v. Jarrard, 65 Tex. 560, this payment would not necessarily preclude the jury from allowing him the value of the time lost by him.

It appears two years and three months had elapsed between the date of injury and the date of trial, and, according to the testimony, plaintiff had been regularly receiving his usual wages during two years and two months of that period, amounting to approximately $1,600. For one month, his wages of $60 were not paid, it seems. The jury, however, in their verdict stated that $2,500 of the total amount allowed was for lost time, this being $840 in excess of what he would have received, had he not been injured, and to that extent it is clearly excessive. Under the authority of the Jarrard Case, the court did not err in giving the paragraph of the charge complained of in the ninth assignment, and to the extent of $1,660 the allowance for lost time is warranted by the evidence. The $10,000 allowed for the other items of damage is not excessive, and is amply supported by the testimony.

Upon remittitur of $840 being filed by the appellee in this cause within 15 days from this date, the judgment will be affirmed; otherwise reversed and remanded.